# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

Nº 13-CV-3266 (JFB) (WDW)

—————————————

COMMONWEALTH LAND TITLE INSURANCE COMPANY AND
FIDELITY NATIONAL TITLE INSURANCE COMPANY,

Plaintiffs,

VERSUS

AMERICAN SIGNATURE SERVICES, INC., GEORGE SANDBERG, AND
ALTERRA EXCESS & SURPLUS INSURANCE COMPANY,

Defendants.

—————————————

**MEMORANDUM AND ORDER**
February 20, 2014

—————————————

JOSEPH F. BIANCO, District Judge:

Plaintiffs Commonwealth Land Title Insurance Company and Fidelity National Title Insurance Company ("plaintiffs") commenced this action against American Signature Services, Inc. ("American Signature"), George Sandberg ("Sandberg"), and Alterra Excess & Surplus Insurance Company ("Alterra"), alleging that American Signature and Sandberg's negligent acts have caused plaintiffs economic injury. Plaintiffs assert the right to recover directly from Alterra, American Signature and Sandberg's professional liability insurer.

Presently before the Court is Alterra's motion to dismiss. Alterra argues that plaintiffs, as non-parties to the insurance contract between Alterra, American Signature, and Sandberg, have no standing to bring a claim for damages directly against it.

Plaintiffs have cross-moved to file an amended complaint, which would add a second cause of action against Alterra seeking a declaratory judgment that Alterra owes a duty to defend and indemnify American Signature and Sandberg against plaintiffs' claims. For the reasons that follow, the Court concludes that plaintiffs have no standing, at this juncture, to bring either their current claim for damages or their proposed claim for declaratory relief against Alterra. In particular, in *Lang v. Hanover Insurance Co.*, 3 N.Y.3d 350 (2004), the New York Court of Appeals made clear that an injured third party has no cause of action at common law against an insurer; however, N.Y. Insurance Law § 3420 ("Section 3420") grants a limited statutory cause of action for the third party if certain pre-conditions are met, which include obtaining a judgment in the underlying action. To the extent plaintiffs suggest that some common law cause of action exists for

1

professional liability insurance policies, the Court rejects that argument, which is fundamentally inconsistent with *Lang*. Moreover, although a particular insurance policy could furnish a direct cause of action on behalf of third parties, there is no language in the policy at issue here that confers such a right. Therefore, because plaintiffs concede that the pre-conditions of Section 3420 have not been met, they have no standing to bring a claim for damages against Alterra at this juncture, and such claim must be dismissed without prejudice. Similarly, plaintiffs' proposed amendment to the complaint to add a claim for declaratory relief would be futile because such a claim would likewise be premature under *Lang* given that the requirements of Section 3420 have not been met. Accordingly, the Court grants Alterra's motion to dismiss in its entirety, without prejudice, and denies plaintiffs' motion to file an amended complaint.

## I. BACKGROUND

### A. Facts

The following facts are taken from the original complaint. These are not findings of fact by the Court; instead, the Court assumes these facts to be true for purposes of deciding the pending motions and construes them in a light most favorable to the non-moving parties.

#### 1. Plaintiffs' Allegations Against American Signature and Sandberg

Plaintiffs, two title insurance companies, were parties to agency agreements with American Signature, a title insurance business owned and operated by Sandberg. (Compl. ¶¶ 11, 16–18.) These agency agreements authorized American Signature to issue title insurance policies on behalf of plaintiffs, and obligated American Signature to remit the policy premiums for those

policies to plaintiffs. (*Id.* ¶ 19.) The agency agreements also contemplated that American Signature would manage escrow funds, which were to be deposited by lenders, sellers, and buyers of real property for the express purpose of recording real estate documents and paying real estate taxes. (*Id.*) The agreements required American Signature to properly maintain and manage these escrow funds. (*Id.*) The agency agreements also contained indemnification provisions, obligating American Signature to indemnify plaintiffs for any loss incurred by plaintiffs by reason of, *inter alia*, American Signature's mismanagement or misappropriation of escrow funds. (*Id.* ¶¶ 26, 31.)

Plaintiffs terminated all agency agreements with American Signature on August 3, 2010. (*Id.* ¶ 34.) Thereafter, in January 2011, Sandberg and his attorney provided plaintiffs with seventeen sets of files related to title polices underwritten by plaintiffs. (*Id.* ¶¶ 35–36.) These files contained unrecorded real estate documents, including deeds and mortgages (*id.* ¶ 36), and Sandberg estimated that the unpaid taxes and recording fees totaled approximately $160,000 (*id.* ¶ 37). However, American Signature's escrow accounts contained insufficient funds from which to pay these taxes and fees. (*Id.*)

In order to determine the full extent of their exposure, plaintiffs sought to audit American Signature's books and records. (*Id.* ¶ 38.) Sandberg denied them full access and timely cooperation, but they managed to review some of American Signature's files. (*Id.* ¶¶ 38–40.) Based on the files that they did review, plaintiffs discovered at least twenty-nine separate files containing at least fifty-one unrecorded real estate documents. (*Id.* ¶ 40.) Plaintiffs assert that American Signature's failure to record these documents exposes them to potential liability totaling

approximately $13 million. (*Id.*) In addition, plaintiffs discovered at least $4,705.00 in premiums that American Signature did not remit, but which are due to plaintiffs. (*Id.* ¶ 42.)

On the basis of these allegations, plaintiffs bring causes of action against American Signature, Sandberg, or both for an accounting, contractual indemnification, common law indemnification, breach of contract, aiding and abetting breach of contract, negligence, and money had and received.

### 2. American Signature and Sandberg's Professional Liability Insurance Policy

American Signature and Sandberg were insured by a "Title Agents, Abstractors and Escrow Agents Professional Liability Insurance Policy" issued by Alterra (the "Policy"). (*Id.* ¶ 43.) On August 3, 2011, Sandberg notified Alterra that plaintiffs had commenced a lawsuit against him and American Signature in New York state court. (*Id.* ¶ 45.) Plaintiffs' allegations in the state court action were substantially the same as those made in the present action.[1] (*Id.*)

Alterra has sought to deny coverage to American Signature and Sandberg. In a separate action pending before the undersigned, Alterra seeks rescission of the Policy and, in the alternative, a declaration that the Policy does not cover plaintiffs' claims against American Signature and Sandberg. (*See* Compl., *Alterra Excess & Surplus Ins. Co. v. Am. Signature Servs., Inc.*

*et al.*, No. 11-CV-4313 (JFB)(WDW) (E.D.N.Y. Sept. 8, 2011).)[2]

Plaintiffs assert that they are third party beneficiaries of the Policy. (*Id.* ¶ 47–48.) They claim that the Policy was intended for their benefit (*id.* ¶ 48), and that Alterra issued the Policy to American Signature knowing that it was for the benefit of those who, like plaintiffs, were harmed by American Signature's negligent performance of its professional duties (*id.* ¶ 49). On the theory that they are third party beneficiaries of the Policy, plaintiffs seek indemnification directly from Alterra. (*Id.* ¶¶ 87–91.) In their proposed amended complaint, plaintiffs add a second cause of action against Alterra, in which they seek declaratory relief that Alterra owes a duty to defend and indemnify American Signature and Sandberg against plaintiffs' claims. (Am. Compl. ¶¶ 92–94.)

### B. Procedural History

Plaintiffs commenced this action on June 7, 2013. Alterra filed a motion to dismiss on September 9, 2013. On October 10, 2013, plaintiffs filed an opposition and cross-motion to file the amended complaint. On October 22, 2013, Alterra filed a reply memorandum in support of its motion to dismiss and in opposition to plaintiff's motion to amend. The Court has fully considered the submissions of the parties.

---

[1] Plaintiffs allege that the state court action resulted in a partial settlement, but that the partial settlement does not affect its current claims. (Compl. ¶ 45.) Moreover, they aver that they intend to seek dismissal of the state court action, without prejudice, in favor of pursuing this action. (*Id.* ¶ 46.)

[2] The Court takes judicial notice of this related action. *See, e.g., Kramer v. Time Warner, Inc.*, 937 F.2d 767,

774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . ."); *Vaughn v. Consumer Home Mortg. Co., Inc.*, 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) ("It is . . . well established that courts may take judicial notice of court records.").

II. STANDARD OF REVIEW

A. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Court instructed district courts first to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to

the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005); *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04-CV-1859 (JG), 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005) (court can consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

B. Motion to Amend

Federal Rule of Civil Procedure 15 applies to motions to amend the pleadings. "The court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a); a motion to amend should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, No. 07-CV-3478 (JFB)(ARL), 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013); *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 125 (2d Cir. 2008) (per curiam) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure

4

deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

## III. DISCUSSION

The present motions turn on whether plaintiffs have any legal basis under New York law to bring claims for damages and declaratory relief against Alterra.[3] For the following reasons, the Court concludes that they do not.

### A. Legal Standards

"Under [New York] common law, 'an injured person possessed no cause of action against the insurer of the tort feasor.'" *Lang*, 3 N.Y.3d at 353 (quoting *Jackson v. Citizens Cas. Co.*, 277 N.Y. 385, 389 (1938)); *see also Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 175 (2d Cir. 2010); *Thrasher v. U.S. Liab. Ins. Co.*, 19 N.Y.2d 159, 166 (1967) (direct action by injured party against insurer "is a cause of action which was unknown to the common law"). "When a plaintiff acquired a judgment against the insured and the insured failed to satisfy the judgment due to insolvency, the plaintiff could not sue the insurance company directly because there was no privity of contract between plaintiff and the insurance carrier." *Lang*, 3 N.Y.3d at 353 (citing New York cases).

N.Y. Insurance Law § 3420 ("Section 3420"), originally enacted in 1917, modified New York common law by granting injured third parties a limited cause of action against insurers. *Lang*, 3 N.Y.3d at 354. Specifically, Section 3420(b) states, in relevant part:

> Subject to the limitations and conditions of paragraph two of subsection (a) of this section, an action may be maintained by the following persons against the insurer upon any policy or contract of liability insurance that is governed by such paragraph, to recover the amount of a judgment against the insured or his personal representative:
>
> (1) any person who, or the personal representative of any person who, has obtained a judgment against the insured or the insured's personal representative, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract;
>
> (2) any person who, or the personal representative of any person who, has obtained a judgment against the insured or the insured's personal representative to enforce a right of contribution or indemnity, or any person subrogated to the judgment creditor's rights under such judgment.

---

[3] By citing New York law exclusively, the parties do not dispute that New York law applies. *See, e.g., Leadsinger, Inc. v. Cole*, No. 05 CIV. 5606 (HBP), 2006 WL 2320544, at *9 n.4 (S.D.N.Y. Aug. 10, 2006) ("The parties, by citing New York law only, implicitly agree that New York law governs the claims in plaintiff's second amended complaint." (citing *Hannex Corp. v. GMI, Inc.*, 140 F.3d 194, 203 n.7 (2d Cir. 1998))).

Paragraph two of subsection (a) provides the following limitations and conditions alluded to in subsection (b):

> [I]n case judgment against the insured or the insured's personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may . . . be maintained against the insurer.

Finally, Section 3420(a) states at the outset that these provisions apply to insurance policies "insuring against liability for injury to person . . . or against liability for injury to, or destruction of, property." Putting all these statutory pieces together, the New York Court of Appeals has held that Section 3420 grants an injured third party a right to sue an insurer for damages, in derogation of the common law, "but only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days." *Lang*, 3 N.Y.3d at 354.

*Lang* resolved a split among New York's Appellate Divisions concerning whether an injured third party could bring an action against an insurer for declaratory relief to determine whether the insurer owed a defense or coverage under a policy, notwithstanding Section 3420's conditions precedent to a similar action for damages. *See Vargas v. Boston Chicken, Inc.*, 269 F. Supp. 2d 92, 94–97 (E.D.N.Y. 2003) (surveying

case law pre-*Lang*, and determining that the Second Department permitted such an action, while the First and Fourth Departments did not). The Second Department had permitted a declaratory judgment action on the basis that, "because Section 3420 does not prohibit a declaratory judgment action, such action [was] therefore permitted." *Id.* at 97 (describing Second Department approach). By contrast, the First and Fourth Departments, along with this Court in *Vargas*, did not permit such actions, reasoning that New York common law does not recognize such actions, that an injured third party's cause of action against an insurer exists solely by virtue of Section 3420, and that strict compliance with the requirements set forth in Section 3420(a)(2) (entry of a judgment and a thirty day waiting period) is a condition precedent to such an action. *See id.* at 95–96 (summarizing First Department's approach), 96–97 (agreeing with this approach). The *Lang* decision resolved the matter and determined that compliance with the requirements of Section 3420(a)(2) is a condition precedent to any direct action against the insurance company. 3 N.Y.3d at 354. Thus, under *Lang*, an injured third party has no cause of action against an insurer at common law, but may bring such an action under Section 3420 so long as the plaintiff has met the conditions precedent set forth in Section 3420(a)(2).

Of course, a particular insurance policy itself could also furnish a direct cause of action on behalf of third parties. *Tillman v. Fireman's Fund Ins. Co.*, 590 F. Supp. 246, 250 (S.D.N.Y. 1984). "After all the insurer and insured may initially bargain to create such a right in certain third parties." *Id.* "However, such an intention must be clearly expressed in the language of the policy itself before a court can hold that a right of direct action was intended by the parties." *Id.* (citing *Waring v. The Indemnity Fire Ins. Co.*, 45 N.Y. 606, 612–13 (1871)); *see Premium*

*Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) ("A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that 'clearly evidence[ ] an intent to permit enforcement by the third party' in question." (quoting *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45 (1985))). Specifically, "[a] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) (internal citations omitted); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 52–53 (2d Cir. 2012) ("'[D]ismissal of a third-party-beneficiary claim is appropriate where the contract rules out any intent to benefit the claimant, or where the complaint relies on language in the contract or other circumstances that will not support the inference that the parties intended to confer a benefit on the claimant.'" (quoting *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005))).

### B. Application

Plaintiffs concede that they have not complied with the requirements of Section 3420, because they have not obtained a judgment against American Signature or Sandberg. Nonetheless, plaintiffs insist that they need not comply with these requirements because Section 3420 does not

apply to the Policy at issue here. Plaintiffs point to N.Y. Insurance Law § 3420(a), which states that the relevant provisions of Section 3420 apply to policies "insuring against liability for injury to person . . . or against liability for injury to, or destruction of, property." N.Y. Ins. Law. § 3420(a). Here, the Policy was a professional liability insurance policy that, plaintiffs contend, falls outside the scope of Section 3420(a).

As Alterra observes, plaintiffs' argument misses the mark. By contesting the application of Section 3420, plaintiffs appear to misconstrue Section 3420 as a *limitation* on direct actions by injured third parties against insurers. In essence, plaintiffs rely on pre-*Lang*, Second Department law, according to which actions by third parties against insurers that were not specifically limited by Section 3420 were otherwise permitted. *See Vargas*, 269 F. Supp. 2d at 97 (explaining reasoning of these Second Department decisions). [4] Yet, as noted, the New York Court of Appeals in *Lang* rejected this approach, observing that New York common law does not recognize a third party's claim against an insurer because of the lack of privity between them, and that Section 3420 grants a limited statutory cause of action where one does not exist under the common law. 3 N.Y.3d at 353–54. "As such, the statute is strictly construed and does not create any rights which are not expressly provided in it." *Vargas*, 269 F. Supp. 2d at 97 (citing *Thrasher*, 19 N.Y.2d at 166). In other words, under *Lang*, the baseline common law rule is that injured third parties like the plaintiffs here cannot maintain direct actions against insurers. Section 3420 grants a limited cause of action that alters this common law rule in certain respects, but if

---

[4] In fact, plaintiffs rely primarily on *Mortillaro v. Public Service Mutual Insurance Co.*, a 2001 Second Department decision holding that "[a] plaintiff need not be privy to an insurance contract to commence a

declaratory judgment action to determine the rights and obligations of the respective parties, so long as the plaintiff stands to benefit from the policy." 285 A.D.2d 586, 587 (2d Dep't 2001).

Section 3420 does not apply, then plaintiffs have no cause of action under common law. *See Tillman*, 590 F. Supp. at 249 ("In effect, by disclaiming any resort to section 167 [the predecessor to Section 3420] (apparently in an effort to defeat the fairly strong arguments [defendant] has raised for dismissing a section 167 claim), [plaintiff] has checkmated himself."); *see also U.S. Underwriters Ins. Co. v. Ziering*, No. 06-CV-1130 (JFB)(WDW), 2010 WL 3419666, at *5 (E.D.N.Y. Aug. 27, 2010) (citing *Lang*, discerning "no common-law right to seek relief directly from [the] tortfeasor's insurer") (quoting *Murphy v. Fed. Ins. Co.*, No. 04-CV-1699 (LTS)(THK), 2005 WL 957410, at *2 (S.D.N.Y. Apr. 22, 2005))).[5]

Moreover, the Court rejects plaintiffs' suggestion that the New York common law rule barring actions by third parties against insurers, as recognized in *Lang*, applies only to cases involving personal injury or property damage. As *Lang* itself explains, at common law, a third party could not sue an insurer "*because there was no privity of contract between plaintiff and the insurance carrier.*" 3 N.Y.3d at 353 (emphasis added). A third party and an insurance carrier do not stand in privity with one another, whether that third party seeks to recover personal injury damages or damages arising out of the breach of a contract. Indeed, the *Vargas* decision,

which held that a third party did not have standing to sue an insurer under New York common law, involved an underlying claim of employment discrimination, not a claim of personal injury or property damage. *See* 269 F. Supp. 2d at 93–94. Likewise, here, the Court recognizes that New York common law bars a third party from suing an insurer because of the lack of privity between them, even where the third party has not suffered personal injury or property damage.

Accordingly, this Court need not determine whether Section 3420 applies to the Policy.[6] If Section 3420 applies, then plaintiffs concede that they have not satisfied its requirements in order to bring the present action. If Section 3420 does not apply, then plaintiffs have no cause of action against Alterra under New York common law.

Plaintiffs' last resort is the language of the Policy itself. However, it is clear that the Policy does not demonstrate any intent to benefit plaintiffs such that they have a cause of action under the Policy. First of all, plaintiffs point to no provision in the Policy that reflects such an intent. Moreover, Section VII.11 of the Policy actually prohibits American Signature from assigning any interest under the policy without

---

[5] In a recent decision cited by plaintiff, it appears that the Second Department continues to adhere to its pre-*Lang* jurisprudence even after *Lang*. *See RLI Ins. Co. v. Steely*, 65 A.D.3d 539, 539 (2d Dep't 2009) (quoting *Mortillaro*, 285 A.D.2d at 587). To the extent plaintiff relies on *RLI* to argue that New York common law recognizes a cause of action for third parties against insurers where the underlying dispute does not concern personal injury or property damage, the Court notes that *RLI* itself concerned an insurance coverage dispute for a boating accident. More importantly, given the clear import of *Lang*, this Court declines plaintiffs' invitation to follow *RLI*.

[6] The plain language of Section 3420(a) appears to favor plaintiff's position, as it states that it applies only

to policies "insuring against liability for injury to person . . . or against liability for injury to, or destruction of, property." However, many decisions, albeit in the personal injury and property damage context, have described Section 3420(a) in more general terms, and suggested that it applies to all insurance policies issued in New York. *See, e.g.*, *Cont'l Ins. Co.*, 603 F.3d at 174 (noting that Section 3420(a) applies to "all New York insurance contracts"); *Lang*, 3 N.Y.3d at 354 (explaining that Section 3420(a) applies to "every insurance policy issued in New York"). For the reasons discussed herein, the Court need not address the issue.

Alterra's written consent. (Compl., Ex. B.)[7] Such a provision evinces an intent not to benefit any third parties. *See, e.g.*, *Subaru Distribs. Corp.*, 425 F.3d at 125 ("The anti-assignment clause suggests an intent to limit the obligation of the contract to the original parties."); *Underdog Trucking, LLC, Reggie Anders v. Verizon Servs. Corp.*, No. 09-CV-8918 (DLC), 2010 WL 2900048, at *5 (S.D.N.Y. July 20, 2010) (contract provision prohibiting assignment without other party's written consent undercut inference of intent to benefit third party); *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 988 F. Supp. 367, 373 (S.D.N.Y. 1997) ("Non-assignability clauses have been held to negate third-party beneficiary status, even where assignment was permitted with prior written approval."). Finally, Section VII.4 of the Policy expressly provides that "[n]o person or organization has a right under this Policy to join us as a party or otherwise bring us into a suit asking for 'Damages' from an 'Insured.'" This provision provides additional support for Alterra's position that the Policy affirmatively avoids benefitting third parties.[8] *See Tillman*, 590 F. Supp. at 250–51 (third party had no right of action against insurer under insurance policy that expressly prohibited third parties from suing the insurer).

In sum, plaintiffs have no basis under New York common law, Section 3420, or the Policy upon which to bring either a claim for damages or a claim for declaratory relief against Alterra. [9] Accordingly, their indemnification claim against Alterra must be dismissed. For the same reasons, their motion to amend their complaint by adding a claim for declaratory relief against Alterra must be dismissed, as well, because such amendment would be futile. *See, e.g.*, *Lucente*, 310 F.3d at 258 ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Because plaintiffs may ultimately obtain a judgment against American Signature or Sandberg, the Court dismisses plaintiffs' indemnification claim against Alterra without prejudice to plaintiffs bringing a proper claim under Section 3420 after they have satisfied that statute's conditions precedent.[10]

---

[7] It is well-settled that, in considering a motion to dismiss, courts may take judicial notice of documents attached to, integral to, or referred to in the complaint. *See, e.g.*, *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

[8] To the extent that plaintiffs argue that Section VII.4 of the Policy only prohibits third parties from joining Alterra in an action for damages against Alterra's insureds, and that, inferentially, any other kind of suit by a third party against Alterra must be permitted, the Court disagrees. That language does not constitute clear evidence of an intent to benefit plaintiffs, and does not confer the right of a third party to bring a cause of action against Alterra. *See, e.g.*, *Premium Mortg. Corp.*, 583 F.3d at 108 ("A non-party to a

contract governed by New York law lacks standing to enforce the agreement in the absence of terms that '*clearly evidence[ ] an intent to permit enforcement* by the third party' in question." (quoting *Fourth Ocean Putnam Corp.*, 66 N.Y.2d at 45) (emphasis added)).

[9] To the extent plaintiffs challenge Alterra's ability to bring a separate declaratory judgment action against American Signature and Sandberg, that argument has no relevance to the motion to dismiss plaintiffs' claims against Alterra in this case and, thus, the Court need not address it here.

[10] In dismissing this claim without prejudice, the Court takes no position on the applicability of Section 3420 to the Policy.

IV. CONCLUSION

For the reasons set forth herein, the Court grants Alterra's motion to dismiss in its entirety, and the claim against Alterra is dismissed without prejudice. In addition, the Court denies plaintiffs' cross-motion to file the amended complaint because the proposed amendment would be futile given the lack of standing to bring a claim for declaratory relief at this juncture.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 20, 2014
       Central Islip, NY

* * *

Plaintiffs are represented by Vanessa R. Elliott, Fidelity National Law Group, 350 Fifth Avenue, Suite 3000, New York, NY 10118. Defendant Alterra Excess & Surplus Insurance Company is represented by Daniel Brody and Kevin M. Mattessich, Kaufman Dolowich & Voluck, LLP, 100 William Street, Suite 215, New York, NY 10038.